# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1986

_____

United States of America,         *

                     *

        Appellee,         *    Appeal from the United States

                     *    District Court for the Southern

    v.                 *    District of Iowa.

                     *

Jose Hernandez-Nuno,      *       [UNPUBLISHED]

                     *

        Appellant.       *

_____

Submitted: December 17, 2004
Filed: December 27, 2004

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Jose Hernandez-Nuno (Hernandez) appeals the sentence the district court[*] imposed after Hernandez pleaded guilty to illegal reentry. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing the district court committed plain error when the court failed to comply with Federal Rule of Criminal Procedure 11(b)(1)(I) and (M) in taking Hernandez's guilty plea. Hernandez has filed a supplemental brief, arguing he pleaded guilty only because he

_____

[*]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

believed the district court would order his federal sentence to run concurrently with his state sentence, and defense counsel was ineffective.

These arguments fail. The district court did not commit plain error in taking Hernandez's guilty plea because, even if the court did not strictly comply with Rule 11, Hernandez failed to show his substantial rights were affected. See United States v. Dominguez Benitez, 124 S. Ct. 2333, 2340 (2004); United States v. Vonn, 535 U.S. 55, 58-59 (2002). Further, the district court structured Hernandez's federal sentence to run concurrently with his state sentence, and Hernandez's ineffective-assistance claims are not properly before us. See United States v. Hughes, 330 F.3d 1068, 1069 (8th Cir. 2003). Upon our independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Thus, we grant counsel's motion to withdraw, and we affirm.

_____